UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Shawn Evans,

                              Plaintiff,

                                                              **Hon. Hugh B. Scott**

                                                                  13CV805A

                                                              **Report & Recommendation
                                                              and
                                                              Decision & Order
                                                              and
                                                              Scheduling Order**
                              v.

M. Balmer et al.,

                              Defendants.

_____

        This case has been referred to the undersigned for pretrial proceedings. (Docket No. 13).

Before the Court are the plaintiff's motion for the appointment of counsel (Docket No. 3), and

for a default judgment. (Docket No. 10).


        The plaintiff commenced this action against various defendants alleging, among other

things, that defendant Nurse Floyd Full hit him in the face on August 12, 2101, and defendants L.

Tillinghast, M. Balmer and T. Paluch assaulted him on January 24, 2013. (Docket No. 1 at pages

3-4).[1]  The defendants deny that they assaulted the plaintiff (Docket No. 12).

_____

        [1]  The plaintiff had asserted additional claims which were deemed insufficiently pled.
The plaintiff was afforded the opportunity to amend his complaint regarding these additional
claims. (Docket No. 4). The plaintiff filed two Amended Complaints (Docket Nos. 5 & 6).
However, the plaintiff then filed a notice of voluntary dismissal relating to the additional claims.
(Docket No. 7). Thus, District Judge Michael A. Telesca ruled that the matter proceed with the

1

**Motion for Default Judgement**

The plaintiff seeks the entry of a default judgement as against defendants Balmer, Fuller, Pauluch and Tillinghast. (Docket No. 10).    The record reflects that the Attorney General's Office accepted service on behalf of the defendants on May 282014. (Docket No. 9). Pursuant to the Standing Order of the Court dated September 28, 2012, the defendants had 60 days to file an answer or otherwise respond to the complaint. See Docket No. 4 at page 12, n.2.  The defendants' answer was timely filed on July 28, 2014. (Docket No. 12).

It is recommended that the plaintiff's motion for a default judgement be DENIED.


**Motion for Appointment of Counsel**

The plaintiff has filed a motion for the appointment of counsel (Docket No. 3). There is no constitutional right to appointed counsel in civil cases.  However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following: (1)  Whether the indigent's claims seem likely to be of substance; (2)  Whether the indigent is able to investigate the crucial facts concerning his claim; (3)  Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) Whether the legal issues involved are complex; and (5) Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

excessive force claims set forth in the original complaint. (Docket No. 8).

Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); *see also* Hodge v. Police Officers, 802
F.2d 58 (2d Cir. 1986); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d
Cir.2001); Abdur-Raqiyb v. Erie County Medical Center, 2006 WL 1800710, at *1
(W.D.N.Y.,2006).

      In considering a motion for the appointment of counsel, the Court may also consider the
merits of the plaintiff's claim. The Second Circuit has held that "every assignment of a volunteer
lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving
cause." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir.1989). Therefore, the Court
must first look to the "likelihood of merit" of the underlying dispute, Cooper, 877 F.2d at 174,
and "even though a claim may not be characterized as frivolous, counsel should not be appointed
in a case where the merits of the ... claim are thin and his chances of prevailing are therefore poor
[,]" Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir.2001) (denying
counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have
little merit). See also Smolen v. Corcoran, 2013 WL 4054596 (W.D.N.Y.,2013)(In deciding
whether to grant a request to appoint pro bono counsel, district courts should evaluate several
factors, including the merits of the claim, the factual issues and complexity of the case, the
plaintiff's ability to present the case, and the plaintiff's inability to obtain counsel.).

      The Court has reviewed the facts presented herein in light of the factors required by law
as discussed above. At this time, it does not appear the legal issues presented are unduly
complex. The plaintiff's filings in this case reflect that he understands the issues presented and
can adequately articulate his factual and legal arguments. The plaintiff's motion for appointment
of counsel is denied without prejudice at this time.  It is the plaintiff's responsibility to retain an

attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**Scheduling Order**

Consistent with the Civil Justice Reform Act guidelines, it is ORDERED THAT:

1.    Parties have until **September 5, 2014** to move to join other parties and to amend the pleadings.

2.    Any motion to dismiss or defendant's initial motion for summary judgment shall be filed on or before **September 15, 2014**.

3.    Pursuant to this Order (and pursuant to Fed. R. Civ. P. 26(a)(1)), a party must, without awaiting a discovery request, **shall provide the following discovery to each of the other parties within 60 days of the date of this Order:**

(A) The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(B) A copy of, or description by category and location of, all documents, data compilations, and tangible things (including video and audio tapes of plaintiff) that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

(C) The grievance or other administrative relief sought or obtained by plaintiff for the claims alleged in this action or other documents claimed to be grievances or reasons why a claim was not pursued administratively, or proof that no such grievance or administrative relief was sought;

(D) A copy of plaintiff's medical records, if plaintiff's allegations involve his physical condition;

(E) A computation of any damages claimed by the disclosing party, making available for inspection and copying as under Fed. R. Civ. P. 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(F) Defendant shall produce plaintiff's inmate records relevant to this action,

including (but not limited to) grievance records, inmate medical records, disciplinary records, housing and placement records, other administrative records.

(G) This disclosure is similar to (and governed by the rules for) Fed. R. Civ. P. 26(a)(1) initial disclosure.  **Plaintiff shall execute such releases as are necessary to disclose pertinent confidential records (such as medical records in the allegations involve plaintiff's physical condition) to plaintiff's claims**.

4.    All discovery in this case shall conclude on **January 30, 2015**.  All motions to compel shall be due at least **30 days prior** to that discovery cutoff date.  Pursuant to Rule 30(a), permission is granted for the parties to conduct the examination of plaintiff at his place of incarceration. Such deposition shall take place within the above discovery period.

5.    The plaintiff shall identify experts, if any, and provide written reports in compliance with Rule 26(a)(2) no later than **December 1, 2014**;  the defendant shall make similar expert disclosures, if any, no later than **January 15, 2015**.  All expert discovery shall be completed on or before **January  30, 2015**.

6.    Post-discovery dispositive motions, if any, shall be filed no later than **April 30, 2015**.

      In the event no dispositive motions are filed, the parties are hereby directed to contact the Chambers of District Judge Richard J. Arcara to arrange for a Final Pretrial Conference and trial date.

7.    Pursuant to Local Civil Rule 5.2(d), plaintiff shall inform the Court of any changes of address, with the failure to do so resulting in the dismissal (**with prejudice**) of this action.  Plaintiff is reminded that the original of any motion or other document sent for filing with the Court must be sent to the Court Clerk, with courtesy copy to the chambers of the undersigned; a courtesy copy alone will not be deemed filing.

Counsel's attention is directed to Fed. R. Civ. P. 16(f) calling for sanctions in the event of

failure to comply with any direction of this Court.

5

**Conclusion**

It is recommended that the plaintiff's motion for a default judgement be DENIED.  The plaintiff's motion for the appointment of counsel is also DENIED. Further, the parties shall comply with the dates set above for pretrial proceedings in this matter.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y.  Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y.  Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v.

<u>Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y.  Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.**

So Ordered.

_/s/ Hugh B. Scott_
United States Magistrate Judge
Western District of New York

Buffalo, New York
August 5, 2014

7