UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

SHAWN EVANS, 11-A-0681,

                              Plaintiff,

      v.

CORRECTION OFFICER M. BALMER et al.,

                              Defendants.

**DECISION AND ORDER**

13-CV-805A

─────────────────────────────────

      On May 4, 2015, plaintiff Shawn Evans ("Evans") filed a motion to compel discovery.  (Dkt. No. 42.)  Evans's motion papers contain a document titled "Plaintiff's Request for Production of Documents," bearing the date of September 21, 2014.  (Dkt. No. 44 at 8–10.)  This document does not seem to appear in the docket anywhere, let alone as something that Evans filed around September 21, 2014.  Nonetheless, Evans claims that he served it on defendants and never received a response.  (Dkt. No. 43 at 1.)

      The September 21 document contains a number of requests.  Evans requests "any and all grievances" against defendants at Southport Correctional Facility ("Southport") since January 24, 2013 "concerning mistreatment of inmates."  (Dkt. No. 44 at 8.)  Defendants already have addressed any alleged incident of January 24, 2013 as a fabrication.  (Dkt. No. 19 at 3.)  Evans requests materials concerning Southport policies and practices with respect to the use of force.  Defendants already responded to this request.  (Dkt. No. 31 at 6.)  Evans

requests documents generated in response to certain grievances that he filed. Evans also seeks documents including a recreation list, logbooks, misbehavior reports, materials showing that he harmed defendants during any confrontations, court documents involving defendants, and investigation materials from the Inspector General's office.  Defendants' Rule 26 disclosure of October 6, 2014 includes grievances, incident printouts, correspondence, internal movement history, and logbooks.  (*See generally* Dkt. No. 24.)  The disclosure also includes medical records.  (*See also* Dkt. No. 36, filed manually under seal.)

Evans claims that he served certain interrogatories on or around December 22, 2014 (Dkt. No. 44 at 12–13) and that defendants never responded.  In short, the interrogatories focus on which corrections officers were stationed where at Southport on January 24, 2013; whether any reports were written about the alleged incident; why defendants allowed Evans to be assaulted; and why Evans did not receive medical attention that day. Defendants responded to these interrogatories.  (*See generally* Dkt. Nos. 32–35, 40, 41.)

In short, the requests in Evans's pending motion seem to overlap with discovery that defendants already have filed in the docket.  Before concluding that bad faith motivated these repetitive requests, the Court wants to rule out innocuous reasons related to lost documents.  Within 60 days of the date of this Decision and Order, defendants will furnish Evans with an extra copy of Docket

Nos. 19–24, 31–35, 40, and 41, in a manner that has the docket number clearly visible.  Evans then will have 60 days to confirm whether any of his document requests have been unanswered, either through production of documents or through an objection.  If Evans wishes to claim further that discovery is missing then he must cite exact docket and page numbers to show why the discovery produced so far is inadequate.  Failure to explain, by precise docket and page number, why the existing discovery is inadequate will be construed as bad faith.

Barring additional, good-faith motion practice related to discovery, the Court considers discovery complete.  For the sake of having a control date, dispositive motions will be due on or before May 18, 2016.

For the reasons above, the Court grants Evans's motion (Dkt. No. 42) in part only to provide him with an extra copy of existing discovery as described above.  The Court denies Evans's motion in all other respects.

SO ORDERED.

                                             */s Hugh B. Scott*
                                             HONORABLE HUGH B. SCOTT
                                             UNITED STATES MAGISTRATE JUDGE

DATED: December 1, 2015