UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Shawn Evans, 11-A-0681,

                Plaintiff,

    v.

Correction Officer M. Balmer et al.,

                Defendants.

**Decision and Order
and
Report and Recommendation**

13-CV-805A

---

## I.    INTRODUCTION AND BACKGROUND

*Pro se* plaintiff Shawn Evans ("Evans") filed his original complaint on August 5, 2013, alleging two assaults, deliberate indifference to medical needs, and various acts of retaliation. (Dkt. No. 1.) Evans brought his claims under 42 U.S.C. § 1983. The Court (Geraci, C.J.) dismissed all but his assault claims without prejudice to file an amended complaint by January 10, 2014. (Dkt. No. 4.) Evans filed an amended complaint within the time given (Dkt. No. 5) and filed a second amended complaint of his own initiative (Dkt. No. 6), but then asked to have the amended complaints dismissed (Dkt. No. 7). The Court (Telesca, J.) obliged through an order that dismissed the first and second amended complaints without prejudice. (Dkt. No. 8.) Following voluntary disclosures and some motion practice, the Court deemed discovery closed as of December 1, 2015 and set a deadline of May 18, 2016 for dispositive motions. (Dkt. No. 56.) The remaining defendants in the case did file a motion for summary judgment on May 18, 2016. (Dkt. No. 71.) The motion for summary judgment remains pending; Evans asked on prior occasions for extensions of time to respond.

Since defendants filed their motion for summary judgment, Evans has filed six motions seeking additional discovery and prospective or injunctive relief. (Dkt. Nos. 73, 78, 80, 86, 89, 90.) Evans also has requested additional time to respond to defendants' motion for summary judgment. (Dkt. No. 91.) The Court will examine each motion in turn.

II. DISCUSSION

### A. *Motion to Supplement to Add Defendants (Dkt. No. 73)*

Evans filed this motion on May 18, 2016, seeking to add defendants from Elmira Correctional Facility ("Elmira") to the defendants associated with the alleged assaults at Southport Correctional Facility ("Southport"). According to Evans, corrections officers from Elmira have entered a corrupt conspiracy with corrections officers at Southport to retaliate against him, to destroy his legal work, and to prevent him from re-opening prior lawsuits of his and to reach a settlement. (Dkt. No. 73 at 1.) Evans accuses the New York Attorney General's Office of conspiring with Elmira to destroy his legal mail and of entering a corruption scheme that included using his personal bank account. (*Id.* at 1–2.) The language in the motion concerning retaliation is essentially identical to the retaliation claims in the original complaint that the Court dismissed previously. *Cf., e.g., Gibson v. Travaglin*, 164 F.3d 617 (2d Cir. 1998) (table case) (rejecting a proposed amended complaint that "merely repeats" the deficiencies of the original complaint); *Self v. LaValley*, No. 9:10-CV-1463 GTS/TWD, 2012 WL 7810950, at *13 (N.D.N.Y. Dec. 27, 2012) (rejecting a proposed amended complaint where "many of the claims in the original complaint (which are repeated in the amended complaint) are subject to dismissal because they fail to state a claim upon which relief can be granted"), *report and recommendation adopted*, No. 9:10-CV-1463 GTS/TWD, 2013 WL 1294448 (N.D.N.Y. Mar. 27, 2013). Evans has made no effort to address

the concerns that the Court identified in the prior order of dismissal, making amendment now futile. The language about conspiracies, corruption, and bank accounts is frivolous. *Cf., e.g., Wright v. New York Dep't of Corr. Servs.*, No. 06 CIV.03400 RCC THK, 2007 WL 1180568, at *2 (S.D.N.Y. Apr. 13, 2007) (rejecting a proposed amended complaint containing frivolous claims) (citations omitted); *Nelson v. Smith*, 618 F. Supp. 1186, 1191 n.5 (S.D.N.Y. 1985) (same). Additionally, the deadline that the Court set for the filing of amended pleadings has long since passed. For these reasons, the Court denies the motion.

### B. *Motion to Supplement Complaint (Dkt. No. 78)*

Evans filed this motion on June 6, 2016. Evans unilaterally attached what would be a third amended complaint that contained language about retaliation, intentionally falsifying medical records, mistakes in medical prescriptions, mail tampering, and a scheme to defraud involving illegal scanning devices. In support of a proposed new complaint, Evans submitted one paragraph that makes reference to a causal connection between Southport and Elmira in a conspiracy that relates back to the original complaint. (Dkt. No. 78 at 3.) The retaliation language again tracks language that the Court already has considered deficient. The other allegations are either conclusory or frivolous. The Court denies the motion.

### C. *Motion to Produce (Dkt. No. 80)*

Evans filed this motion on June 22, 2016. In this motion, Evans seeks a settlement conference and an unspecified order to show cause that would expose corruption occurring at Elmira that included the unlawful use of his bank card. (Dkt. No. 80 at 1.) The Court denies this motion as conclusory and frivolous.

3

### D. *Motion for Prospective Relief (Dkt. No. 86)*

Evans filed this motion on August 10, 2016. Evans seeks a combination of prospective and injunctive relief that would release him and close down Elmira. According to Evans, the entire Elmira facility needs to close as a result of continuing retaliation, harassment, tampering with legal mail, and conflicts of interest with the Attorney General's office. (*See* Dkt. No. 86-2 at 2.) Evans also cites continuing fraud involving the use of a credit card "to fix prisons without consent" (*id.* at 3) and repeats language that he used before concerning retaliation. Evans also accuses the Kings County District Attorney's Office of colluding with the Attorney General's office to interfere with his parole proceedings and to extend his detention unlawfully. (*See id.* at 5.) Finally, Evans makes some kind of reference to a credit card registered to a business in Brooklyn that now is in the custody of the Attorney General's office; Evans believes that this credit card and unspecified "inheritance money was unlawfully spent to fix correctional facilities [by] wiring money to offshore accounts such as doing Western Unions of such credit cards [sic]."

Evans's allegations are not only conclusory but also frivolous bordering on bizarre. *Cf., e.g., Hemmings v. Gorczyk*, 134 F.3d 104, 106 (2d Cir. 1998) (affirming the dismissal of allegations of conspiracies that "we find to lack foundation and which are fanciful at best"); *accord Rivera v. Pataki*, No. 04 CIV.1286(MBM), 2005 WL 407710, at *26 (S.D.N.Y. Feb. 7, 2005). The Court would deny the motion outright, but the motion technically does mention prospective and injunctive relief. Out of an abundance of caution, the Court will recommend denial of the motion to Judge Arcara.

E. *Motion for Prospective Relief and Supplemental Complaint (Dkt. No. 89)*

Evans filed this motion on September 6, 2016. In this motion, Evans seeks to add defendants and to reopen discovery pertaining to his alleged assaults. Evans acknowledges that he "[had] two meritless complaints before the Court with several defendants that [were] dismissed but now [I] have a good enough reason to reinstate." (Dkt. No. 89 at 5.) Evans cites "a constant pattern of retaliation and harassment and a conspiracy" regarding why he was moved recently from Elmira to Green Haven Correctional Facility ("Green Haven"). (*Id.*) Evans also repeats his request for injunctive relief as a remedy for his previously discussed conspiracies involving the creation of hazardous prison conditions and the use of a credit card. (*Id.*) This motion repeats the language of previously dismissed claims and is frivolous with respect to the request for injunctive relief. *Cf., e.g., Johnson v. Goord*, 12 F. App'x 22, 23 (2d Cir. 2000) (summary order) (affirming the dismissal of frivolous claims about prison conditions) (citations omitted). Nonetheless, and as with the motion addressed immediately above, the Court feels constrained to a recommendation given the nominal discussion of injunctive relief. The Court recommends denial of the motion in its entirety.

F. *Motion to Produce Video Footage and Audio (Dkt. No. 90)*

Evans filed this motion on September 9, 2016. Evans seeks video footage from Southport for January 13, 2012 and January 24, 2013 as well as for the entire month of October 2013. Evans seeks also to obtain any recorded audio from January 13, 2012 as well as for February through August 2016. (Dkt. No. 90 at 3.) Most of Evans's request does not line up with the two dates that he put in his complaint as the dates of the alleged assaults against him. Evans alleged assaults on August 21, 2012 and January 24, 2013. The Court denies Evans's requests as to any other dates. As for the dates in the complaint, Evans asked for audio recordings once before. (Dkt. No. 25 at

5

2.) Defendants already have responded that they do not have any audio recordings. (Dkt. No. 31 at 8.) Just because any existing video footage would constitute significant discovery, the Court directs defendants to confirm, within 30 days, whether any video recordings exist that depict Evans on either August 21, 2012 or January 24, 2013. The Court grants Evans's motion to that very narrow extent and denies it in all other respects.

### G. *Motion for Extension of Time (Dkt. No. 91)*

Evans filed this motion on September 9, 2016. Evans seeks additional time to respond to defendants' summary-judgment motion (Dkt. No. 71). Evans also appears to be requesting that the Court reopen a motion to compel discovery that he filed on January 16, 2015 and that the Court resolved on January 20, 2015. (Dkt. Nos. 29, 30.) The Court denies the request to reopen the prior motion.

With respect to the request for an extension of time, the Court will grant it but with a word of caution to Evans. Evans will file any responses to defendants' motion for summary judgment on or before December 15, 2016. Defendants will file any reply papers on or before January 11, 2017. Including the present request, Evans now has requested four extensions of time covering a total of five months. (Dkt. Nos. 76, 81, 83, 91.) The requests by themselves are not necessarily troublesome; what troubles the Court is that, judging from the motions that it had to resolve in this writing, Evans has been using his extensions to fill the docket with repetitive and frivolous motions. *Cf. Lewis v. Sheriff's Dep't Bossier Par.*, 478 F. App'x 809, 817 (5th Cir. 2012) (unpublished decision) (affirming dismissal of a plaintiff's remaining claims where, "Lewis's repeated requests for more time were granted. However, instead of using the additional time to prepare the summons documents requested by the court, Lewis used the time to pursue frivolous

6

appeals and motions."); *Sanchez v. Johnson*, 275 F.3d 1080, 2001 WL 1468049, at *1 (5th Cir. 2001) (unpublished decision) (affirming the denial of an extension of time to file objections to a report and recommendation, where the plaintiff's "'heavy litigation schedule' was due solely to his continuous filing of frivolous appeals from non-appealable orders in this case and [a] previous case"). Evans is strongly encouraged to use his latest extension to focus on responding to the motion for summary judgment and demonstrating why his assault claims should go to trial. Absent a strong showing of good cause, the Court will not grant any further extensions. Failure to file a timely and non-frivolous response to the summary-judgment motion could increase the chances that the motion will be granted. *See Cabassa v. Oshier*, No. 9:11-CV-01237 MAD, 2015 WL 5094802, at *6 (N.D.N.Y. Aug. 28, 2015) (declining to consider untimely *pro se* submissions after multiple extensions were granted; collecting cases).

III. CONCLUSION

For the reasons above, the Court respectfully recommends denying Evans's motions for prospective or injunctive relief. (Dkt. Nos. 86, 89.) The Court grants Evans's motion for video footage (Dkt. No. 90) in part as explained above and otherwise denies the motion. The Court grants Evans's motion for an extension of time (Dkt. No. 91) as explained above. The Court denies Evans's other pending motions (Dkt. Nos. 73, 78, 80) in their entirety.

IV. OBJECTIONS

A copy of this combined Decision and Order / Report and Recommendation will be sent to counsel for defendants by electronic filing on the date below. Also on the date below, the Court will mail a copy of this writing and unpublished cases therein to Evans at his current address of record. Any objections to this Report and Recommendation must be electronically

filed with the Clerk of the Court within 14 days.  *See* 28 U.S.C. § 636(b)(1); FRCP 72.  "As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (citations omitted).

    SO ORDERED.

                                               __/s Hugh B. Scott_____
                                               HONORABLE HUGH B. SCOTT
                                               UNITED STATES MAGISTRATE JUDGE

DATED: September 20, 2016