UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAWN EVANS, #111-A-0681,

        Plaintiff,

    -vs-

CORRECTION OFFICER M.BALMER,
et al.,

        Defendants.
_____

No. 13-CV-805(MAT)
**Decision and Order**

## I. Introduction

*Pro se* plaintiff Shawn Evans ("plaintiff") instituted this action pursuant to 42 U.S.C. § 1983 alleging that the defendants used excessive force against him in violation of his Eighth Amendment rights during his incarceration at Southport Correctional Facility. On March 24, 2017, the Court entered a Decision and Order granting defendants' motion for summary judgment and dismissing the case (Docket No. 122). Plaintiff has now filed a document labeled a "Motion for Prospective Relief" (Docket No. 127), which the Court liberally construes as a request for reconsideration of its March 24th Decision and Order. For the reasons set forth below, plaintiff's motion is denied.

**II. Discussion**

    **A.    Reconsideration is Not Warranted**

The standard for granting a motion for reconsideration under Federal Rule of Civil Procedure 59(e) "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)) ("The only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court."); *Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988) (same)). "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided[,]" *Schonberger*, 742 F. Supp. at 109 (citations omitted), and "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Here, plaintiff has failed to identify any controlling decisions or other data which would warrant reconsideration. For all the reasons set forth in the Court's March 24th Decision

and Order, plaintiff has failed to establish any triable issue of material fact with respect to his claims, and defendants are entitled to judgement as a matter of law.

**B.    Plaintiff Cannot Seek Release in a § 1983 Action**

In his "Motion for Prospective Relief," plaintiff has also included a request that he be released from prison and his criminal conviction be expunged. "[W]hen a prisoner is challenging 'the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'" *Peralta v. Vasquez*, 467 F.3d 98, 102 (2d Cir. 2006) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Plaintiff cannot seek release from custody as an incident to this § 1983 action and, as a result, any such request set forth in his "Motion for Prospective Relief" is denied.

**III. Conclusion**

For the reasons stated above, plaintiff's "Motion for Prospective Relief" (Docket No. 127) is denied.

ALL OF THE ABOVE IS SO ORDERED.

```
              S/ MICHAEL A. TELESCA
       HONORABLE MICHAEL A. TELESCA
       UNITED STATES DISTRICT JUDGE
```

DATED: Rochester, New York
       April 20, 2017